IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC TRADING USA, LLC, individually and on behalf of all others similarly situated, </br></br>          *Plaintiff*,</br></br>   v.</br></br>DOES 1-100,</br></br>          *Defendants*. | Case No. 1:18-cv-01754 </br></br> Honorable Manish S. Shah |

**MOTION TO REASSIGN CASES
AS RELATED PURSUANT TO LOCAL RULE 40.4**

Cboe Global Markets, Inc., Cboe Exchange, Inc., and Cboe Futures Exchange, LLC (collectively "Cboe") move for an order finding *Tomasulo v. Cboe Exchange, Inc.*, No. 1:18-cv-02025; *Koza v. Cboe Exchange, Inc.*, No. 1:18-cv-02185; *Beck v. Cboe Exchange, Inc.*, No. 1:18-cv-02304; *Bueno v. Cboe Global Markets, Inc.*, No. 1:18-cv-02435; *Huang v. Chicago Board Options Exchange, Inc.*, No. 1:18-cv-02460; and *Palatiello v. Cboe Exchange, Inc.*, No. 1:18-cv-02490, to be related to the above-captioned case, *Atlantic Trading USA, LLC v. Does 1-100*, No. 1:18-cv-01754, and for an order reassigning[1] those cases to the calendar of this Court pursuant to Local Rule 40.4.

Pursuant to Local Rule 40.4(b), a case may be reassigned to another judge if it is related to an earlier-numbered case assigned to that judge and the following criteria are met:

---

[1] This motion seeks reassignment, not consolidation. *See Helferich Patent Licensing, LLC v. N.Y. Times Co.*, No. 1:10-cv-04387, 2012 WL 1368193, at *4 (N.D. Ill. Apr. 19, 2012) (ordering reassignment but noting that the reassignment "does not necessarily include a consolidation of the cases"). A separate motion to consolidate the lawsuits addressed in this motion with other lawsuits in the Southern District of New York is pending in the Judicial Panel for Multidistrict Litigation ("JPML").

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

All of the above cited Local Rule 40.4(b) conditions for reassignment are satisfied here.

*First*, all seven cases are pending in this Court.

*Second*, the handling of all the cases by the same judge is "likely to result in a substantial saving of judicial time and effort." All seven cases are class actions alleging manipulation of the Cboe Volatility Index ("VIX"). There is also substantial overlap among the named defendants: five cases name both Cboe and John Doe financial institutions as defendants, one case names Cboe, and the instant case names only John Does.[2] Indeed, every follow-on case except *Beck* was explicitly designated as a related case on the civil cover sheet, and *Beck* is not meaningfully different from the other cases.

Because the allegations in each suit are so similar, they will present similar disputes of fact and law. All seven cases contain similar definitions of the putative class, and therefore will involve similar questions of law and fact at the class certification stage.[3] Moreover, discovery

---

[2] Although Cboe is not a defendant in this case, it is a defendant in the other six cases, and therefore is permitted to file a motion in this docket to reassign all the cases. *See BP Corp. N.A. Inc. v. Northern Trust Inv., N.A.*, No. 08-cv-6029, 2009 WL 1684531, at *1, 4 (N.D. Ill. June 15, 2009) (granting motion for reassignment filed by plaintiff in a different case).

[3] *Atlantic Trading*: "All persons who traded VIX futures or options contracts on the Cboe Futures Exchange or the Chicago Board Options Exchange between January 1, 2011 and the present." Ex. A at 26.

*Tomasulo*: "All persons who traded VIX Futures or Options in the United States on or after January 1, 2009" and "All persons who traded VIX ETPs on an exchange in the United States on or after January 1, 2009." Ex. B at 41.

2

requests and disputes are likely to be similar across every case; Cboe will face similar discovery requests in every case since Cboe is a named defendant in six of the seven class actions. This case, *Atlantic Trading*, is the only one in which Cboe is not a defendant but plaintiff has already sought discovery from Cboe by filing a motion to serve a document subpoena, which this Court denied without prejudice pending the JPML decision on whether to consolidate these cases with the pending cases in New York.

Finally, given the close similarity among all the cases, similar factual disputes concerning the calculation of VIX, as well as similar legal disputes concerning the application of the Commodities Exchange Act and Sherman Act to the defendants' conduct, are likely to arise. For instance, in every case raising antitrust allegations, the parties will litigate whether the Commodities Exchange Act impliedly forecloses antitrust liability under the implied-repeal doctrine. *See, e.g.*, *Credit Suisse Secs. (USA) LLC v. Billing*, 551 U.S. 264 (2007) (holding that federal securities law implicitly precludes application of the Sherman Act). Likewise, every suit

---

*Koza*: "All persons who traded VIX Futures or VIX Options in the United States on or after January 1, 2009" and "All persons who traded VIX ETPs on an exchange in the United States on or after January 1, 2009." Ex. C at 8.

*Beck*: "All persons who traded VIX Futures or Options in the United States on or after January 1, 2009" and "All persons who traded VIX ETPs on an exchange in the United States on or after January 1, 2009." Ex. D at 41.

*Bueno*: "All persons who held or traded SPX Options, VIX Options, VIX Futures, or VIX ETPs during the following time periods: From March 26, 2004 to the present in the case of VIX Futures and SPX Options; From February 24, 2006 to the present in the case of VIX Options; and From August 2008 to the present in the case of VIX ETPs." Ex. E at 58.

*Huang*: "All persons or entities who transacted in VIX derivatives . . . , from January 1, 2010 through the present." Ex. F at 46.

*Palatiello*: "All persons or entities who transacted in VIX futures, VIX options, and/or VIX ETPs during the following time periods: From March 26, 2004 to the present for VIX futures; From February 24, 2006 to the present for VIX options; and From August 2008 to the present for VIX ETPs." Ex. G at 33.

filed against Cboe asserts claims under the Commodities Exchange Act, and in every case, Cboe will argue, among other things, that Cboe did not "fail[] to enforce any bylaw, rule, regulation, or resolution that it is required to enforce" and did not act in "bad faith," as required to establish Cboe's liability. 7 U.S.C. §§ 25(b)(1)(A), (4). Reassignment will save judicial effort by ensuring that a single judge resolves all these disputes.

*Third*, "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." The *Atlantic Trading* action has been pending for approximately one month. To date, the only motion decided is the Plaintiff's Motion for Early Discovery, which was denied without prejudice. Reassignment would not delay the proceedings in this case at all.

*Fourth*, "the cases are susceptible of disposition in a single proceeding." As already explained, tag-along class actions asserting similar class definitions and similar allegations could, and indeed should, be resolved before a single judge.

Finally, Local Rule 40.4(c) does not weigh against granting the motion. That rule states, in relevant part: "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." In this case, however, Cboe is the only named defendant other than anonymous John Doe defendants. Although the identity of those defendants may ultimately be resolved in discovery, the Court should nonetheless reassign the cases now.

If the John Does are identified at different times in multiple class actions proceeding on different schedules, reassignment may be logistically difficult. Different cases might be subject to inconsistent rulings on discovery obligations or class certification. Even if rulings are

4

consistent across all cases, certain cases might have to be stayed for substantial periods while other cases catch up, and disputes will arise over whether plaintiffs in slower-moving cases can duplicate discovery that has already occurred in faster-moving cases.

The cases are already on different tracks: Cboe's responsive pleading is due on April 30 in *Bueno*, May 21 in *Tomasulo*, May 29 in *Koza* and *Beck*, and on as-yet-unknown dates in *Huang* and *Palatiello*, as those complaints have not yet been served. Moreover, whereas most of the suits will be subject to the Mandatory Initial Discovery Pilot Project Standing Order ("MIDP Standing Order"),[4] the *Bueno* suit will not be subject to the MIDP Standing Order because it includes claims under Rule 10b-5 to the Securities and Exchange Act of 1934, and is subject to the Private Securities Litigation Reform Act ("PSLRA"). The MIDP Standing Order does not apply to claims subject to the PSLRA and the *Bueno* suit should be subject to a statutory stay of discovery until any motion to dismiss is resolved. *See* MIDP Standing Order, at 1; 15 U.S.C. § 75u-4(b)(3)(B). Thus, without reassignment, discovery in that suit may proceed more slowly than the remaining suits. Further, as the cases proceed, some cases might be subject to case-specific discovery disputes that will further delay them relative to faster-moving cases and therefore exacerbate the logistical difficulties of reassignment. Reassigning the cases immediately would avoid these challenges.

Undersigned counsel for Cboe has attempted to contact counsel for plaintiffs in all the actions for which it seeks transfer. Counsel for Tomasulo informed Cboe's counsel that Tomasulo joins Cboe in the relief requested in this motion. Counsel for Beck informed Cboe's

---

[4] The MIDP Standing Order authorizes district courts to defer deadlines while considering a motion to dismiss based on, among other defenses, absolute immunity. MIDP Standing Order, at 2. Cboe expects to raise an immunity defense and reserves the right to seek to defer deadlines under that provision.

counsel that Beck does not object to the relief requested. Counsel for Palatiello informed Cboe's counsel that Palatiello does not object to the relief requested. Cboe's counsel intends to update the Court concerning any communications with counsel for Atlantic Trading, Bueno, Huang or Koza regarding their position on the relief requested in this motion.

Dated: April 13, 2018

Respectfully submitted,

JENNER & BLOCK LLP

*/s/* Gregory M. Boyle

Reid J. Schar
Gregory M. Boyle
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 923-2659

*Attorneys for Interested Parties Cboe Global Markets, Inc., Cboe Exchange, Inc., and Cboe Futures Exchange, LLC*

**CERTIFICATE OF SERVICE**

I, Gregory M. Boyle, an attorney, certify that on April 13, 2018, I caused the **Notice of Motion** and **Motion to Reassign Cases as Related Pursuant to Local Rule 40.4** to be served on all counsel of record listed in *Atlantic Trading USA, LLC v. Does 1-100*, No. 1:18-cv-01754; *Tomasulo v. Cboe Exchange, Inc.*, No. 1:18-cv-02025; *Koza v. Cboe Exchange, Inc.*, No. 1:18-cv-02185; *Beck v. Cboe Exchange, Inc.*, No. 1:18-cv-02304; *Bueno v. Cboe Global Markets, Inc.*, No. 1:18-cv-02435; *Huang v. Chicago Board Options Exchange, Inc.*, No. 1:18-cv-02460; and *Palatiello v. Cboe Exchange, Inc.*, No. 1:18-cv-02490 via the Court's ECF system.

    /s/ Gregory M. Boyle